**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| TYLER JOSEPH NOVAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:17-CV-172 RL |
| vs. ) | |
| ) | |
| LAPORTE COUNTY SHERIFF ) | |
| DEPT., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Tyler Joseph Novak, a *pro se* prisoner, filed a complaint against the LaPorte County Sheriff Department. (DE 1.) Pursuant to 28 U.S.C. § 1915A, a court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.

Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Novak is an inmate at the LaPorte County Jail and complains that on December 16, 2016, his legal mail was opened. Novak sues the LaPorte County Sheriff Department for money damages.

Though Novak sues for his legal mail being opened by a LaPorte County Sheriff Department employee, he has not named anyone personally responsible for opening his mail, as a defendant. Instead, he names only the LaPorte County Sheriff's Department as a defendant. The Sheriff Department cannot be held liable simply because it employed the officer involved in this incident. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). This entity may be held liable for an unconstitutional official policy or custom that caused Novak's injury, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it can not be plausibly inferred from the complaint that the Sheriff's Department had an official policy to violate the constitutional rights of its inmates. Instead, Novak describes a scenario where one officer

allegedly opened his mail. Because he has not alleged a plausible basis for holding the LaPorte County Sheriff's Department liable, it will be dismissed as a defendant.

As explained, this complaint does not state a claim against the named defendant. Because Novak may be able to state a claim against the individual responsible for opening his legal mail, he will be permitted to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He should also explain why his mail was opened. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Tyler Joseph Novak;

(2) **GRANTS** Tyler Joseph Novak to and including April 17, 2017, to file an amended complaint; and

(3) **CAUTIONS** Tyler Joseph Novak that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

**DATED: March 21, 2017**  **/s/RUDY LOZANO, Judge**
                             **United States District Court**