UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYLER JOSEPH NOVAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:17-CV-172 JD |
| vs. ) | |
| ) | |
| HEAVEN EVANS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Tyler Joseph Novak, a *pro se* prisoner, filed an amended complaint against LaPorte County Sheriff Department employees Heaven Evans and Casper Southwell for opening one piece of his legal mail on December 16, 2016. (ECF 6.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Novak was an inmate at the LaPorte County Jail when he received legal mail that was sent to him from his attorney. Though clearly marked as mail from his attorney, it had previously been opened by Deputy Heaven Evans and Deputy Casper Southwell, outside of Novak's presence. Novak states that Deputy Evans filed an incident report, notifying her supervisor of what happened, immediately after the incident occurred. Novak requested a copy of that report, but jail officials denied his request. Novak sues these two defendants for money damages based on their opening of his legal mail outside of his presence.

As a threshold matter, it appears as though these defendants mistakenly opened Novak's legal mail. There are no allegations that either Evans or Southwell opened his mail with any intent or malice. And, further, they reported the incident to their supervisors immediately after it occurred. "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Regardless, even if there was more than negligence involved, these allegations still fail to state a claim. An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband.

*Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Here, there are no allegations that Novak's right to send or receive mail was violated. Nor is there any allegation that his right to counsel was infringed in any way. And the one-time opening of his legal mail is also insufficient to state a claim for being denied access to the courts since he does not allege a detriment to any legal claim. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996).

Instead, Novak alleges that his constitutional rights were violated by the mere opening of his mail on December 16, 2016. But, his First Amendment rights were not violated just because correctional officers opened one piece of his legal mail on one occasion. *See e.g.*, *Harrison v. Cnty. of Cook, Ill.*, 364 Fed. App'x 250, 253 (7th Cir. 2010) (opening one piece of inmate's legal mail did not violate inmate's First Amendment rights); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim).

For these reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

ENTERED: June 14, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court